Mr.
 
 Hill
 
 cited several cases from Com. Digest, to shew that the action for monies due upon the sale of a testator’s estate, must be brought as executor; and he also cited 1795, ch. 14>, sec. 1, where after directing a sale upon credit and bonds with sureties to be taken, it proceeds thus: “ And such, executor, &c. or “ administrator, &c. shall after the time of such pa} ment is past, “ take and pursue ail lawful ways and means to recover and re- “ ceive the money so due as aforesaid, or otherwise shall be “ chargeable or answerable for the same ; and that such monies “ when received, shall be liable to the satisfaction of judgments “ previously obtained, and entered up as judgments when assets ■“ should come to the hands of the executor or administ’r :w And he argued that by this act, most evidently the money due upon such bonds, is considered as belonging to the estate of the testator, and to be assets to charge the executor only when recovered and received; whereas the authorities which say the executor shall sup in his own name, consider the bonds as belonging to the executor himself, who is chargeable for the goods sold, whether he receives the money due upon the bond or not; and supposing the common law to be as contended for on the other side, it is now altered as to this point by the act of 1795, as it substitutes the monies due upon the bond when recovered in the place of the goods sold, and makes him not chargeable as formerly for the goods,but for the product of them when received; and consequently, these bonds being a part of the deceased’s estate, and
 
 to
 
 be sued for in the character of executor or administrator, and not
 
 injure prop rio,
 
 will upon the death of the executor or administrator, go to the administrator
 
 de bonis non
 
 of the first testator or intestate, as a part of his estate, and not to the executor
 
 or
 
 administrator of the first executor or administrator, who since the act has not any property in them, whatever he may have had before.
 

 And of that opinion were the court.
 

 Haywood
 
 and
 
 Stone
 
 being present; and the.y'gave the admini» stration to Miss Quince as the greatest creditor of the obligor-